Electronically Filed
Intermediate Court of Appeals
CAAP-14-0000526
11-SEP-2014
08:57 AM

NO. CAAP-14-0000526

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI‘I

KAHUKU PLANTATION RESIDENTS ASSOCIATION, et al.,
Plaintiffs-Appellants,
v.
WILLIAM AILA, personally, as State Historical Preservation
Officer, also as Chairman of Board of Land and Natural Resources
and Director of Department of Land and Natural Resources, et al.,
Defendants-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 13-1-2936)

ORDER DISMISSING APPEAL
(By: Nakamura, Chief Judge, Fujise and Reifurth, JJ.)

Upon review of (1) this Court's July 30, 2014, order requiring Plaintiffs-Appellants Kahuku Plantation Residents Association, et al. (collectively referred to as "the Kahuku Plantation Appellants") to show cause why this appeal should not be dismissed for lack of jurisdiction (Order to Show Cause); (2) the Kahuku Plantation Appellants' August 10, 2014, response to the Order to Show Cause; and the record and files herein, it appears that we lack appellate jurisdiction over the appeal that

the Kahuku Plantation Appellants have asserted from the Honorable Karen T. Nakasone's February 21, 2014 "Conclusions of Law, and Order Granting All Defendants' Motions to Dismiss Plaintiff's [sic] Verified Complaint for Temporary Restraining Orders, Declaratory and Injunctive Relief, and Damages, Filed 11/4/13" (Dismissal Order) because the record on appeal does not contain an appealable final judgment, as Hawaii Revised Statutes (HRS) 641-1(a) (1993 & Supp. 2013) requires for an appeal from a civil circuit court case under Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP) and the holding in Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994).

I.

In our Order to Show Cause, we noted, among other things, that:

1.   The record on appeal, which was filed on May 1, 2014, did not contain a final judgment; and

2.   The Ho'ohiki data base indicates that the circuit court entered a separate judgment in Civil No. 13-1-2936 on May 19, 2014, which may be a final appealable judgment that is not included in the record on appeal. Under Hawai'i Rules of Appellate Procedure Rule 11(a), the Kahuku Plantation Appellants have a duty to ensure that the record on appeal is sufficient.

In the Order to Show Cause, we ordered the Kahuku Plantation Appellants, among other things, to:

1.   File a motion in the circuit court in Civil No. 13-1-2936 to supplement the record on appeal with the circuit court's May 19, 2014, judgment; and

-2-

2. Show cause why this court should not dismiss this appeal for lack of an appealable judgment in the record.

We stated that failure to comply with the Order to Show Cause may result in sanctions, including the dismissal of this appeal.

On August 10, 2014, the Kahuku Plantation Appellants filed a pleading which purports to be in response to the Order to Show Cause. However, the pleading is devoid of any substance. It only contains an appellate caption and two pages which appear to be part of the trial court caption, which are marked "Exhibit 1" and "Exhibit 2" at the bottom. There is no indication that the Kahuku Plantation Appellants have complied with this Court's order to move the circuit court in Civil No. 13-1-2936 to supplement the record on appeal with the circuit court's May 19, 2014 judgment. Nor has the May 19, 2014, judgment been included in the record on appeal. Moreover, the Kahuku Plantation Appellants' August 10, 2014, pleading does not respond to this Court's request to show cause why we should not dismiss this appeal.

II.

HRS § 641-1(a) authorizes appeals to the intermediate court of appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). HRCP Rule 58 requires that "[e]very judgment shall be set forth on a separate document." Based on HRCP Rule 58, the Supreme Court of Hawai'i requires that "[a]n appeal may be taken . . . only after the

-3-

orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338. "Thus, based on Jenkins and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." Carlisle v. One (1) Boat, 119 Hawai'i 245, 254, 195 P.3d 1177, 1186 (2008). "An appeal from an order that is not reduced to a judgment in favor of or against the party by the time the record is filed in the supreme court will be dismissed." Jenkins, 76 Hawai'i at 120, 869 P.2d at 1339 (footnote omitted).

The February 21, 2014, Dismissal Order, from which the Kahuku Plantation Apellants purport to appeal, is not an appealable final judgment under HRCP Rule 58 and the holding in Jenkins. On May 1, 2014, the circuit court clerk filed the record on appeal for appellate court case number CAAP-14-0000526, which does not contain a final judgment. Therefore, under the express holding in Jenkins, this appeal is subject to dismissal for lack of appellate jurisdiction. In our July 30, 2014, Order to Show Cause, we ordered the Kahuku Plantation Appellants to move the circuit court to supplement the record on appeal with the circuit court's May 19, 2014, judgment, which might possibly constitute a final appealable judgment. The Kahuku Plantation Appellants present no evidence establishing that they have complied with this order, and they also have not shown cause why we should not dismiss this appeal for lack of appellate jurisdiction.

Absent an appealable final judgment in the record on appeal, we lack appellate jurisdiction.

IT IS HEREBY ORDERED, that appellate court case number CAAP-14-0000526 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, September 11, 2014.

Chief Judge

Associate Judge

Associate Judge